Daniels, J
The paper which was presented for probate as the will of the testatrix, was drawn and witnessed at Long Branch, in the State of New Jersey. She died, leaving personal property in the city and county of New York, and on that fact proceedings were taken before the surrogate of the county of New York for the proof and establishment of the paper as a will. After hearing the evidence of the proponent and contestant, the paper was admitted to probate as the will of the deceased. On appeal *346 from this decision it was held by the general term of this department that the evidence was insufficient to prove that the paper had been signed in the presence of the two witnesses who had subscribed it in that capacity. The decree • was reversed and a trial directed to take place at the circuit upon issues comprehending the questions of fact arising in the case. This trial has been had and each of the issues presented to the jury was answered by them favorably to the proponent of the alleged will.v
To obtain this result changes appear to have taken place in the testimony of one of these witnesses. Instead of testifying, as she did before the surrogate, to her absence from the room in which the will was drawn, for portions of the time while the decedent was in the act of writing it, her testimony at the circuit was that she was not so- far out of the room as to prevent her from seeing and observing the testatrix in writing the instrument. On account of this change in her evidence it is urged that the jury were not justified in acting upon it as they did in answering the questions propounded to them. But while this was a suspicious circumstance in the case, having a tendency to discredit the evidence of this witness, it was still for the jury to determine and decide how far it might properly be attended with that effect. For a witness may be honestly mistaken in giving evidence upon a trial, which mistake may be corrected upon a further hearing of the case. And if this witness fell into an honest mistake, in her evidence before the surrogate, she was not only not bound to adhere to it when she was sworn and examined as a witness at the circuit, but it was her duty to correct the mistake in her statement. And whether that was done with so great a probable semblance of truth in this case as to render her evidence still acceptable to the jury, was for them to consider and decide. A point not dissimilar to this arose in the case of McCormick v. Pennsylvania R. R. Co. (not reported), and it.was held by the general term that the case could not be withheld from the jury solely on that account. And if .this was the only point upon which the appeal and motion for the new trial depended, they would necessarily result in favor of the respondent.
The instrument propounded as the will of the decedent was not subscribed by her, but her name appeared only at its commencement. And as the statute of the state of New Jersey required no more than that it should be signed by the testatrix, this was considered to be a sufficient signing, if she intended by their writing her name in the instrument that to be her signature to it. But to establish a will under the law of that state, as it has been proved in the course óf these proceedings, if the paper was not signed in *347 the presence of both the witnesses then it became necessary that the decedent should acknowledge the writing, or making of, her signature in the presence of two witnesses present at the same time. To meet this point in the case a fifth issue was settled and sent to the jury in these words:
“Fifth. If said Cecilia L. Booth was written by Cecilia X. Booth, deceased, did she acknowledge the writing or making thereof in the presence of two witnesses, who were present at the same time, and who subscribed their names to said paper as witnesses in the presence of said Cecilia X. Booth? Yes; and they answered it in the affirmative. But upon the trial there was no evidence whatever, that the decedent referred in any manner to her name in the instrument in the presence of these witnesses, or that she designated or recognized it as her signature to the alleged will. What she did do, according to the evidence of the witness, whose credibility has been brought in question, was to say: ‘This is my will, take it and sign it.’ And then her statement is that she sat down and signed it as a witness. The other witness to the will did not, give even as much evidence as this concerning the statements of the decedent. But this statement was not an acknowledgement that the name Cecilia X. Booth in the first line of the instrument, was her signature, or that she regarded or considered it as her signature for the completion of the instrument as a will. What the inquiry made by the issue was whether she acknowledged the writing or making of this signature, and that could be satisfied and sustained in no other manner than by some recognition or reference .to the name as her signature. And either by words, or acts, or both, including the name, it was necessary before this issue could be found in the affirmative, that the decedent should acknowledge the name so written to be her signature. The authorities upon this subject were so fully examined when the case was previously before this court as to render it unnecessary now to repeat them again. They require certainly as much as this to justify the finding of such an issue in favor of the proponent.
Upon the trial the jury were left at liberty to answer this inquiry as they did, upon the evidence that the decedent requested the witnesses to sign the paper as her will. And on request of the proponent the court charged that, “It is enough if Mrs. Booth made known to the witnesses by acts and words that the paper was regarded and accepted by her as a will, and that the witnesses subscribed it as such at her request.” But this, under the rule established by the authorities, was not sufficient to constitute the acknowledgement of her name in the instrument as her signature. "It was evidence sustaining the answer of the *348 jury to the sixth issue presenting the inquiry whether she declared the same to be her last will and testament in the presence of the two witnesses. But to prove the writing of this name to be her signature the law required something further, and that was presented by the fifth issue submitted to the jury. And the right of the proponent to a favorable answer depended upon proof that the decedent acknowledged the name to have been written or made by her as her signature. And as the evidence tended to prove no such acknowledgment the jury had nothing before them on which they could legally answer this question as they did.
It is true, with a favorable answer to all the other issues, if this had been answered in the negative, there might have been sufficient to entitle the paper to be admitted to probate. But with this erroneously answered in this manner that right does not exist, for the case was presented to the jury for their verdict upon each one of the issues, and each is to be tried and disposed of as they have been settled, before judgment can regularly follow the findings.
Beyond that, the fact of the jury answering the fifth issue as they did without evidence is a circumstance very decidedly tending to create the belief that they did not consider the evidence with that degree of care as they should have considered it, in arriving at their answer to the fourth issue presenting the question whether the instrument was written in the presence of the two subscribing witnesses. The circumstance that théy were willing to answer one issue without reliable evidence, creates the suspicion certainly that they did not give that degree of consideration, to the discrepancies in the testimony of the witness Clifford which they should have given to justify the answer to this preceding issue.
It was stated upon the argument, and the fact has been repeated in the points of the counsel, that no improper reference entirely outside of the evidence was made by the counsel for the proponent to the contestant, but that does not appear by anything contained in the case. If the fact were so it should have been established by affidavit or brought to the attention of the court at the trial, for no counsel has the right to refer to matters not included in the evidence to prejudice the jury against one or the other of the parties to a legal controversy.
It is_ not necessary to decide whether the motion for a new trial of the issues should be first made at the circuit or general term, for this case is brought before the court in each of these aspects. If a motion should be made in the first instance at the circuit or special term, it is rightly -here by the appeal from the order. While, if that is not *349 the correct practice, the motion is equally right before this court for a new trial upon the case. The statute has required that the contested facts in the case, where the decree of the surrogate has been set aside in this manner, shall be tried by a jury. By that requirement an effectual trial has been intended. And where, for any reason, the verdict of a jury is to be set aside, the cases must be submitted to another jury for the hearing and decision of the issues. They are the tribunal selected by the statute for this purpose. And to secure such a trial the order from which the appeal has been taken should be reversed, and an order directed for a new trial of the issues at the circuit, and the proponent’s motion for judgment denied.
Van Brunt, Oh. J., and Brady, J., concur.